UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOVATION VENTURES, L.L.C.,

      Plaintiff,                                    No. 11-13537

v.                                             District Judge Stephen J. Murphy III
                                                Magistrate Judge R. Steven Whalen
ASPEN FITNESS PRODUCTS, INC.,
ET AL.,

      Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART
MOTION FOR SANCTIONS**

Before the Court is Plaintiff's Motion for Sanctions Against Defendants for Their Failure to Comply with Magistrate Judge R. [Steven] Whalen's October 17, 2012 Order to Produce Documents [Doc. #94]. For the reasons discussed below, the motion is GRANTED IN PART.

On October 17, 2012, I entered an omnibus discovery order [Doc. #59], directing the Defendants to produce numerous documents relating to Defendant Derrick George's companies and their distribution of the On Go energy product. This included sales reports, tax records, profit and loss statements, email, and other memoranda relating to the formula for the product. Defendants were to produce information related to any company or entity that was marketing or distributing the On Go product. In addition, the order compelled the production, for forensic imaging, of the single computer that was alleged to

have been seized by the F.B.I. Counsel for Defendants subsequently filed a motion for reconsideration [Doc. #67], stating that "[u]pon further investigation and inquiry, it has come to light that the F.B.I. did not seize any computer on May 19, 2009." In response, Plaintiff proffered information from the F.B.I. that while no computers were seized, ten computer hard drives and three storage devices were imaged. Therefore, I granted reconsideration, and ordered the forensic examination of all the computers and devices that were imaged, under specific protocols [Doc. #86].

On March 3, 2013, Defendants filed the present motion, claiming that although Defendants produced some documents, their production was incomplete and/or non-responsive. They sought sanctions under Fed.R.Civ.P. 37, in the form of precluding Defendants from presenting evidence on damages (as to both Plaintiff's damages and damages on Defendants' counterclaims), and establishing as fact Plaintiff's claims of misappropriation of the 5-hour Energy formula, misappropriation of customer lists, and trademark infringement.

On October 30, 2013, counsel for the parties participated in a telephonic status conference with District Judge Stephen J. Murphy, at which the outstanding discovery was discussed, and at which Defendants were encouraged to complete the production of discovery. On December 3, 2013, Plaintiff filed a supplemental brief [Doc. #166], which included as Exhibit A a detailed list of information claimed to have not been produced.

On December 4, 2013, the present motion was referred to me [Doc. #167]. A hearing on the motion was held on December 19, 2013. At that hearing, I directed the

parties to meet, discuss additional information that Defendants' counsel had indicated he was gathering, and file a memorandum summarizing the meeting. On January 3, 2014, the parties filed the memorandum [Doc. #182], setting forth their respective positions on whether Defendants had complied with their discovery obligations.

Plaintiff's Statement

Plaintiff concedes that after the December 19, 2013 hearing, Defendants produced more documents, although it claims that the production "does not come close to curing the numerous deficiencies" cited in the pending motion for sanctions. Plaintiff details the production as follows:

> "At the December 27, 2013 meeting, counsel for Defendants produced documents (820 pages), which he represented were in the possession of Defendants' accountant. The documents included profit and loss statements. On December 30, Defendants produced various financial reports for On Go, LLC for 2013. On January 2, 2014, Defendants produced three filings from the litigation arising from the $1.25 million loan agreement. On January 3, 2014, Defendants produced the same loan documents that were produced on December 27, 2013." Doc. #182, fn. 2.

Plaintiff states that the documents, and in particular the Oakland County Circuit Court filings, show that contrary to the representation that On Go, LLC was the only entity currently distributing On Go energy drink, there was a second, previously undisclosed company, On Go Holdings, LLC, that was selling the product. In addition, the 2013 profit and loss statement for On Go, LLC reflects sales of $605,807.81, and Defendants' accountant valued On Go Holdings, LLC at $3.5 million as of September, 2013.

Plaintiff contends that in addition to showing that Defendants previously concealed the existence a second entity that was distributing their product, the recent production fails to cure other deficiencies that were raised in the original motion, including financial and other records for On Go Holdings, underlying support and worksheets for the 2013 financial reports, and data, sales records, and email communications for Defendants' employees.[1]

## Defendants' Statement

Defendants state that in addition to producing their computers for forensic examination, they have "produced voluminous records," including "thousands of pages of paper documents, gigabytes of electronically-stored information and emails that had to be obtained by information technology consultants over an approximate 1 ½ week period earlier this year." Defendants state that in December, 2013 they were "finally able to obtain additional records from defendants' accountants that those accountants had in storage." Defendants also learned, after receiving a telephone call from an F.B.I. agent on December 16, 2013, that contrary to the F.B.I.'s prior representations, the agency had in fact seized two computers, and still had those computers, as well as some paper documents, in its possession. Defendants' counsel states that "[a]s soon as defense counsel has those materials, they will be produced."

Defendants state that any information concerning On Go Holdings, LLC is a "red

---

[1] Plaintiff references the list contained at Exhibit A of its supplemental brief [Doc. #166].

herring," and that On Go, LLC is the only company that "currently distributes the On Go Products and has done so since early 2012." Defendants state that On Go Holdings was formed only to facilitate a loan from Naser Investments.[2] Defendants conclude, "In summary, the defendants have made more than reasonable efforts to produce documents, computers, ESI and related information in their possession or under their control."

While the Plaintiffs initially requested that the Court choose from a menu of Rule 37 sanctions, they now contend that based on what they consider the Defendants utter disregard on their discovery obligations and their concealment of relevant information, a default judgment is the appropriate remedy.

## II.  STANDARD OF REVIEW

In general, Fed.R.Civ.P. 37 provides for sanctions for failure to make disclosures or cooperate in discovery. Rule 37(b) provides for sanctions where a party fails to comply with a court order regarding discovery, including, under Rule 37(b)(2)(A)(vi), entry of default judgment where it is the defendant who has been disobedient. A motion for sanctions under this Rule is addressed to the Court's discretion. *National Hockey League*

---

[2] However, this contention is contradicted by the complaint that Defendants filed in Oakland County Circuit Court (Doc. #182, Exhibit 3),which states that plaintiffs in that case, including On Go Holdings, LLC, "operate a business that produces and sells dietary supplement energy drinks" (¶ 1), and by their motion for temporary restraining order and preliminary injunction, which states, "Plaintiff Derrick George operates a business selling dietary supplement energy drinks through two entities of which he is the sole owner and principal, Plaintiffs On Go Enterprises, LLC and On Go Holdings, LLC." The motion is dated August 2, 2013. *Id*.  The Plaintiff is entitled to discovery as to On Go Holdings, LLC.

*v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th cir.1988). However, entry of a default judgment against a party "for failure to cooperate in discovery is a sanction of last resort," and may not be imposed unless noncompliance was due to "willfulness, bad faith, or fault." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir.1990) (citations omitted). See also *Grange Mut. Cas. Co. v. Mack*, 270 Fed. Appx. 372, 376 (6th Cir.2008) (explaining that default judgment is the court's most severe discovery sanction).

The Court's discretion is informed by the four-part test described in *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366–67 (6th Cir.1997):(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed or defaulted party was warned that failure to cooperate could lead to dismissal or entry of default judgment; and (4) whether less drastic sanctions were imposed or considered before dismissal or default judgment was ordered. *See also Bank One of Cleveland, N.A. v. Abbe*, *supra* at 1073.

### III.  DISCUSSION

While certain aspects of the four-part *Harmon* test would seem to weigh in favor of granting Plaintiff a default judgment, I am disinclined to recommend that sanction. The first prong–willfulness or bad faith–certainly weighs against the Defendants. This Court has previously been critical of Defendant Derrick George's shifting excuses and conflicting explanations for his failure to comply with his discovery obligations, at one

point characterizing him as "a games player extraordinaire." However, while Mr. George has frequently been a day late and a dollar short, he has nevertheless provided some amount of documentation of his businesses, however incomplete. Much of this was produced late, and in response to court orders, and a significant amount was produced as late as January of this year, in response to my directive for the parties to meet and confer. While the late production of documents only after a court order is not exactly praiseworthy conduct, it does differentiate this case from, for example, *Lorillard Tobacco Company v. Albaraka Mini Mart, Inc.*, E.D. Mich. No. 05-71052, in which I recommended a default judgment where the Defendant provided *no* discovery responses, thus thwarting the plaintiff's ability to obtain any information. Another point of comparison is *Flagg v. City of Detroit*, 2011 WL 4634249 (E.D.Mich. 2011), where I found that the defendant destroyed evidence in bad faith. In that case, however, I recommended an adverse inference instruction rather than a default judgment. The Defendants conduct in this case has hardly been exemplary, but it has not been as bad as the Defendants in either *Lorillard Tobacco* or *Flagg*.

Without doubt, the Plaintiff has been prejudiced by the delay in the production of relevant documents and the incomplete production. However, the prejudice can be substantially cured by giving Defendants one more opportunity to complete their document production, and by ordering them to pay Plaintiff's attorney fees and costs for bringing this motion.

The third and fourth factors most certainly weigh against the Defendants. They

have been previously warned that a default judgment could be in the cards, and they have been sanction monetarily for prior discovery abuses. Nonetheless, Rule 37 sanctions are addressed to the Court's discretion, and on balance, I believe that this case can and should ultimately be decided on the merits. A default judgment is the Court's most drastic discovery sanction. A fair application of the four *Harmon* factors persuades me that while the Defendants' conduct in this case is troubling, entry of a default judgment is not warranted. To borrow a concept from criminal sentencing law, a sanction should be "sufficient, but not greater than necessary" to accomplish its purpose.[3]

Accordingly, Plaintiff's Motion for Sanctions [Doc. #94] is GRANTED IN PART, as follows:

(1) Within 14 days of the date of this Order, counsel for the parties shall once again meet and confer and, using the list attached as Exhibit A to Plaintiff's Supplemental Brief [Doc. #166] as a checklist[4], Plaintiff's counsel shall clearly inform Defendant's counsel what has not yet been produced.

(2) Within 14 days of the meeting, Defendants shall produce all documents that have not been previously produced. If Defendants claim that documents presently requested by Plaintiff have been produced, they shall indicate with specificity where

---

[3] *See United States v. Presley,* 547 F.3d 625, 630 -631 (6th Cir. 2008)("[T]he district court's task is to 'impose a sentence sufficient, but not greater than necessary, to comply with the purposes' of the statutory sentencing scheme. 18 U.S.C. § 3553(a)").

[4] The Court has already held that everything on that list is discoverable.

those documents will be found within the prior production. Defendants shall also produce requested documents, including financial documents, concerning On Go Holdings, LLC.

(3) If Defendant Derrick George claims that neither he nor any of his corporate or other business entities has or can obtain any documents, then Mr. George will so certify under oath, and shall also certify under oath what steps he has taken to obtain the documents.

(4) If Defendants do not produce requested documents as set forth in the above paragraphs, Plaintiff will be entitled to an adverse inference instruction concerning those documents.

(5) The Plaintiff is awarded reasonable attorney fees and costs expended in litigating this motion. Within 21 days of the date of this Order, Plaintiff will submit a bill of costs. Defendants may file objections to the bill of costs within 14 days after receipt. The Court will then issue a separate order on the amount of fees and costs.

IT IS SO ORDERED.

Dated: April 7, 2014              s/R. Steven Whalen
                                  R. STEVEN WHALEN
                                  UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on April 7, 2014, electronically and/or by U.S. Mail.

                                  s/Michael Williams
                                  Case Manager for the
                                  Honorable R. Steven Whalen