UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOVATION VENTURES, L.L.C.,
d/b/a LIVING ESSENTIALS,                    11-13537

                Plaintiff,                    District Judge Stephen J. Murphy III

v.                                          Magistrate Judge R. Steven Whalen

ASPEN FITNESS PRODUCTS, INC.,
d/b/a ON GO ENERGY, ET AL.,

                Defendants.
_____/

## OPINION AND ORDER

Before the Court is Defendant's Motion to Compel Production of Documents Regarding the Origin of a False Declaration [Doc. #202]. For the reasons discussed below, the motion is DENIED.

## I.    BACKGROUND

This discovery dispute is related to Defendants' counterclaim, in which they alleg that Plaintiff interfered with their business relationship and expectancy with the Exxon Mobil Company ("Exxon Mobil"). Defendants alleges that Exxon Mobil was going to stock their On Go Energy shot product, but that Exxon Mobil ultimately declined to do so because of Plaintiff's threats of litigation. Central to the present motion is the March 20, 2014 deposition of Benjamin Woznica, the former Category Manager for Exxon Mobil convenience stores. Mr. Woznica was the individual with whom the Defendants had discussions regarding the placement of On Go Energy in Exxon Mobil stores. The Defendants listed Mr. Woznica as one of their witnesses in support of their counter-claim.

In March of 2013, Mr. Woznica provided a sworn declaration to Plaintiff's counsel

-1-

(Exhibit D to Defendant's motion, Doc. #202), recounting his discussions with Defendant Derrick George about Exxon Mobil carrying On Go Energy shots, stating his reasons for Exxon Mobil not carrying On Go, and confirming that the decision to not carry On Go was not based on any litigation or potential litigation.  At his deposition, Mr. Woznica testified repeatedly that his decision to not carry On Go was not related to threatened or existing lawsuits.  Although he was vaguely aware of "hearsay in the trade" regarding lawsuits brought by Plaintiff, he testified that "[t]hrough this testimony and through all the other conversations I've had with everyone, the statement I've always made has been that–that my sole decision for not bringing On Go Energy into ExxonMobil stores was because I didn't have a source of purchasing the product."  *Wozniak Deposition*, Exhibit F to Defendant's motion [Doc. #202], p. 87.  He denied that the threat of litigation by Plaintiff Living Essentials was a factor in not carrying On Go.  *Id.*, p.97. Mr. Wozniak confirmed, under oath, the truth of the statement in his sworn declaration that his "decision not to introduce On Go Energy Shots as a product offering at Exxon had nothing to do with any lawsuit Innovation Ventures, LLC had filed or was going to file against Aspen Fitness Products or Mr. George."  *Id.*, p. 116.

In the present motion, Defendants seek (a) all communications and emails between Plaintiff's counsel and Mr. Woznica; (b) all draft declarations prepared by Plaintiff's counsel for Mr. Wozniak; (b) an additional deposition of Mr. Woznica, at Plaintiff's expense.[1]  The purported reason for this discovery is to discredit Mr. Woznica's signed declaration and his deposition testimony.

---

[1] Mr. Woznica, who is no longer employed by Exxon Mobil, lives in Texas, where his deposition took place.

## II.   DISCUSSION

Initially, it must be noted that Mr. Woznica is Defendants' own witness, offered in support of their counter-claim.  Obviously, Defendants have the burden of proof on their counter-claim, and as Plaintiff's counsel stated at oral argument, Plaintiff is not calling Mr. Woznica as a witness in its case in chief–nor would there be any reason for Plaintiff to do so.  Thus, Defendants seek discovery that at best would impeach their own witness. Contrary to defense counsel's argument at the hearing on this motion, material that contradicts the sworn testimony of Mr. Woznica could not be offered as substantive evidence.  It is unclear, then, what possible benefit would inure to the Defendants in producing this material or ordering the re-deposition of their own witness, unless, in a Perry Mason moment, Mr. Woznica breaks down on the stand and recants his prior deposition testimony. Such a scenario, while entertaining to contemplate, is highly unlikely in the real world.

Notwithstanding the practical futility of Defendants' request, there are at least two other grounds on which this motion must be denied.

### A.   Untimeliness

First, the motion is untimely.  In *Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 200-201 (E.D. Mich. 2002)( citing *Ginett v. Federal Express*, 166 F.3d 1213 (6th Cir. 1998)(unpublished), the Court stated:

> "In numerous cases, courts have denied tardy discovery motions that were filed after the close of discovery, especially where the moving party had all the information it needed to timely file the discovery motion, and its late filing would prejudice the non-moving party."

In this case, Plaintiff objected to the requested discovery, and submitted a privilege log on February 28, 2014, designating the emails and draft declarations as attorney work-product.  Defendant could have, but did not, file a motion to compel at that time or at any

time in advance of Mr. Woznica's deposition, which was held on March 20, 2014. During the deposition, Defendants' counsel did not challenge the privilege log. However, about a week after the deposition, in a letter to Plaintiff's counsel dated March 26, 2014, Defendants' counsel challenged the privilege log and asked to reconvene Mr. Woznica's deposition. *See* Exhibit D to Plaintiff's Response [Doc. #212]. Plaintiff's counsel replied by re-asserting the work product privilege. *See* Plaintiff's Exhibit E. Discovery closed on April 15, 2014. Defendants filed the motion to compel on April 22, 2014, one week after discovery closed.

Defendants clearly had formed a belief as to the value of this information, because they asked for it in a discovery request. They knew as of February 28, 2014 that Plaintiff was claiming work-product privilege. Even though Defendants knew that the information was, in their view, relevant to impeaching the credibility of Mr. Woznica, they did not file a motion to compel prior to Woznica's deposition, nor did they challenge the privilege log at the deposition. And even though Mr. Woznica's deposition was concluded on March 20, 2014–about three weeks before discovery closed–Defendants did not file this motion until a month after the deposition and a week after discovery closed. Given this chronology, I cannot discern any justification for this motion being filed after the close of discovery, nor have Defendants offered any plausible reason for not filing the motion earlier, when they were provided with Plaintiff's objections and privilege log on February 28th. To provide this information now, after discovery has closed, along with a re-deposition of Mr. Woznica in Texas, would be manifestly prejudicial to the Plaintiff.

Therefore, Defendant's motion is DENIED based on untimeliness.

### B.    Work Product Privilege

While untimeliness alone is basis for Defendant's motion to be denied, the

requested discovery is also protected as attorney work-product. "The work-product doctrine protects an attorney's trial preparation materials from discovery to preserve the integrity of the adversarial process." *In re Professionals Direct Ins. Co.*, 578 F.3d 432, 438 (6th Cir. 2009)(citing *Hickman v. Taylor,* 329 U.S. 495, 510–14 (1947). "[T]he work product doctrine 'is distinct from and broader than the attorney-client privilege.' " *In re Antitrust Grand Jury,* 805 F.2d 155, 163 (6th Cir.1986) (quoting *United States v. Nobles,* 422 U.S. 225, 238 n. 11(1975)). The Plaintiff asserts the work-product privilege as to three emails and draft affidavits exchanged between Plaintiff's attorney and Mr. Woznica.  The Court has reviewed those documents *in camera.*

There is a split of authority among district courts as to whether the draft of an affidavit is protected by the work-product doctrine.  Defendants rely on *Infosystems, Inc. v. Ceridian Corp.*, 197 F.R.D. 303 (E.D. Mich. 2000), where the Court, noting that "there is little precedent squarely on point," *id.* at 306-307, permitted discovery of draft affidavits, stated its reluctance to grant work-product protection to what it considered statements of fact within the knowledge of a witness, as opposed to expressions of the opinions of counsel.  *Id.*

However, more recent cases hold that unsigned draft affidavits do fall within the scope of the work-product doctrine.  In *Randleman v. Fidelity Nat. Title Ins. Co.*, 251 F.R.D. 281, 285 (N.D.Ohio 2008), the Court stated:

> "Although not controlling, recent cases have addressed this issue, and the trend is to consider draft affidavits and communications with counsel relating to affidavits as covered by the attorney work product doctrine. *See, e.g., Tuttle* [*v. Tyco Electronics Installation Services, Inc.*],...2007 WL 4561530, at *2; *Kyoei Fire & Marine Ins. Co., Ltd. v. M/V Maritime Antalya,* 248 F.R.D. 126, 155 (S.D.N.Y.2007) (creating of affidavit subject to the "attorney work product privilege"); *Ideal Elec. Co. v. Flowserve Corp.,* 230 F.R.D. 603, 608–09 (D.Nev.2005) (draft affidavits protected by the work product doctrine)."

In *Tuttle*, cited by *Randleman*, the Court held that "the work product doctrine does protect information relevant to the evolution of an affidavit, including but not limited to communications with the counsel relating to the affidavit, prior drafts of the affidavit, and any notes made by counsel while engaging in the process of drafting the affidavit." 2007 WL 4561530, at *2. *See also United States v. University Hospital,* 2007 WL 1665748 (S.D. Ohio 2007)(the court is "not aware of any case in which a court has permitted opposing counsel to question a witness about any role that counsel may have had in the evolution of an affidavit, about any communications with counsel relating to an affidavit, or about prior undisclosed drafts of an affidavit").

The unsigned draft affidavits in this case do not reflect statements of fact by Mr. Woznica; rather, they were prepared by counsel and presented to Mr. Woznica for his review and correction. They are part of the evolution and development of the final draft. As such, the drafts constitute the attorney's trial preparation materials. Under these circumstances, I find that the analyses set forth in *Randleman, Tuttle,* and *University Hospital* persuasive. The requested discovery–including both the draft affidavits and the emails–is protected by the work-product doctrine. Nor is there any basis for the re-deposition of Mr. Woznica.

### III.    CONCLUSION

For these reasons, Defendants' Motion to Compel [Doc. #202] is DENIED.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: June 18, 2014

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was sent to parties of record on June 18, 2014, electronically and/or by U.S. mail.

<u>s/Carolyn M. Ciesla</u>
Case Manager to the
Honorable R. Steven Whalen

-7-